IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CHRISTINA TAYLOR, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| CAROLYN W. COLVIN, Acting | *   No. 3:14CV00056-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendants. | * |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Christina Taylor, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On March 3, 2011, Ms. Taylor protectively filed for SSI and DIB benefits due to back problems, pain in her legs, and sciatic nerve problems. (Tr. 31, 170) Ms. Taylor's claims were denied initially and upon reconsideration. At Ms. Taylor's request, an Administrative Law Judge ("ALJ") held a hearing on November 15, 2012, where Ms. Taylor appeared with her lawyer. (Tr. 25) At the hearing, the ALJ heard testimony from Ms. Taylor and a vocational expert ("VE"). (Tr. 26-54)

The ALJ issued a decision on December 19, 2012, finding that Ms. Taylor was not disabled under the Act. (Tr. 11-19) The Appeals Council denied Ms. Taylor's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Ms. Taylor, who was forty years old at the time of the hearing, has a high school education. (Tr. 32) She has past relevant work as metal production assembler. (Tr. 29-30)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Taylor had not engaged in substantial gainful activity since March 4, 2011, and she had the following severe impairments: degenerative disc disease and depression. (Tr. 14) However, the ALJ found that Ms. Taylor did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13)

According to the ALJ, Ms. Taylor has the residual functional capacity ("RFC") to perform light work, except that she can only occasionally stoop, crouch (if there is assistance to pull her back up) and crawl. She "can understand, remember, and carry out simple instructions, up to the level of her past relevant work at specific vocational level of three." She can "make judgments in simple work-related situations; respond appropriately with co-workers and supervisors, with occasional incidental contact that is not necessary for performance of the job; and respond appropriately to minor changes in work routine." (Tr. 15) The VE testified that the jobs available with these limitations were small production assembler, shipping receiver weigher, and price tagger. (Tr. 51)

After considering the VE's testimony, the ALJ determined that Ms. Taylor could perform a significant number of jobs existing in the national economy, and found that Ms. Taylor was not

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) (2005).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

disabled.

### III.   ANALYSIS

#### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

#### B.   Ms. Taylor's Arguments for Reversal

Ms. Taylor asserts that the Commissioner's decision should be reversed because it is not support by substantial evidence. Specifically, Ms. Taylor contends that the ALJ erred in his (1) RFC finding; and (2) credibility finding. (Doc. No. 11)

##### 1.   RFC Finding

Ms. Taylor contends that the RFC was incorrect because it failed to consider her "difficulties with work stress." (Tr. 11) Ms. Taylor relies on Dr. Vowell's 2009 finding that "[d]uring times of moderate stress [Ms. Taylor's] ability to remember and carry out instructions may be impaired. Additionally in times of moderate stress she may display impairments in her ability to respond appropriately to supervision, coworkers, and work pressure in a work setting." (Tr. 421)

Contrary to Ms. Taylor's argument, the ALJ did consider Dr. Vowell's assessment when

3

making his RFC finding. Specifically accounting for the above mentioned limitation, the ALJ found that Ms. Taylor could make "simple work-related situations; respond appropriately with co-workers and supervisors, with occasional incidental contact that is not necessary for performance of the job; and respond appropriately to minor changes in work routine." (Tr. 15) Also supporting the ALJ's finding is the fact that in her disability report, Mr. Taylor indicated that she could pay attention for about an hour" and is "good" at following written and spoken instructions. (Tr. 190) Dr. Vowell even indicated that Ms. Taylor could complete work-like tasks within an acceptable time frame. Additionally, Dr. Vowell's assessment was in December 2009, and she stopped working in early 2009. Ms. Taylor claimed the depression started at least five years earlier. The fact that Ms. Taylor worked for years with her depression weighs against her claims that her impairment is disabling.[3]

    2.    Credibility

Ms. Taylor's argument that the ALJ erred in his credibility assessment is without merit. The ALJ properly considered the fact that, other than emergency room visits in January 2012 and again in November 2012 (the day before the hearing), there is no medical evidence that Ms. Taylor sought treatment for her alleged impairments.[4] Ms. Taylor argues that she sought treatment when she could afford it, but she generally cannot afford to go to the doctor. (Tr. 32)

Yet, while Ms. Taylor contends that she cannot afford health care, as late as April 2011 (the last records with any reference to smoking) she was smoking a pack a day and had been for years. (Tr. 240, 257, 393, 396, 399) Smoking is an expensive, ongoing habit that can be considered when

---

[3]*Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994) ("[A] condition that was not disabling during working years and has not worsened cannot be used to prove present disability.").

[4]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

4

weighing Ms. Taylor's credibility.[5]

The ALJ properly recognized that Ms. Taylor takes only over-the-counter medications for her pain. (Tr. 16) Again, Ms. Taylor blames this on her financial limitations, but, as mentioned above, her claims lacks credibility. Additionally, even when Ms. Taylor was seeing a doctor, it was simply to get refills on prescriptions drugs.[6]

Ms. Taylor testified that she can neither stand nor walk very long, but she indicated that she goes to church on a weekly basis, helps with the laundry, sweeps, and sits on the swing to relax. (Tr. 16)  Though these activities of daily living, standing alone, might not discredit her complaints of pain, when considered with the evidence as a whole, the activities were properly considered by the ALJ.[7]

Finally, the ALJ noted that no treating physician had placed any limitations on Ms. Taylor, other than a January 2012 note of "no heavy lifting" after an ER visit. (Tr. 17) The ALJ considered this restriction in his RFC and properly considered the lack of other restrictions in weighing Ms. Taylor's credibility.[8]

---

[5]*Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999) (rejecting claimant's position that he could not afford medication when "there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication.").

[6]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

[7]*Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996) (An ALJ weighs the credibility of a claimant's subjective complaints of pain by considering multiple factors, including daily activities, and may discredit complaints if they are "inconsistent with the evidence as a whole.")

[8]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (affirming ALJ's finding when he considered, among other things, that "there were no functional restrictions [placed on claimant] by doctors").

**IV.     CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Ms. Taylor's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 10th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE